For defendant: C. S. Slocum, F. H. Wildes.

State of Rhode Island vs. Peter O'Neill } Ind. No. 2701.

July 5, 1934.

O'CONNELL, J. This case was heard upon the defendant's motion to dismiss. This indictment charged the above named defendant, with others, of committing an assault and battery upon one William A. Adamson, with intent to rob. The defendant Peter O'Neill had previously filed a plea of former jeopardy in the following form:

"Now comes the defendant in the above entitled cause and in his own proper person, and having heard the said indictment read and protesting he is not guilty of the premises charged in the said indictment, says that the State of Rhode Island ought not further to prosecute the said indictment against him, the said Peter O'Neill, because he says that heretofore, to wit, at a session of the Superior Court held for the County of Newport at the March Term, 1933, it was then and there presented to a Grand Jury and subsequently to a Petit Jury that he, the said Peter O'Neill, 'did, without lawful authority, forcibly and secretly confine and imprison one William A. Adamson within the State of Rhode Island against his will and enforceably seize, confine, inveigle, and kidnap said William A. Adamson with intent to cause him, the said William A. Adamson, to be secretly confined and imprisoned within the State of Rhode Island against his will and with intent to extort money from him, the said William A. Adamson, in violation of provisions of Chapter 1866 of the Public Laws of the State of Rhode Island passed at the January Session, A. D. 1932'; that, thereafter, on, to wit, March 31, 1933, a jury, after having heard the cause, returned a verdict of not guilty as charged in the indictment, but found the defendant (guilty) of assault and battery; that, thereafter, on, to wit, April 11, 1933, the defendant, Peter O'Neill, was sentenced to pay a fine of Two Hundred Dollars ($200) and costs which said fine and costs were then and there paid; that said judgment and record still remains in full force and effect, and is not in the least reversed or made void and the said Peter O'Neill in fact says that he, the said Peter O'Neill, and the said Peter O'Neill so indicted and acquitted as herein-

before set forth, are one and the same person, and not other and different persons, and that the crime charged of which the said Peter O'Neill was so indicted and acquitted as aforesaid, and the offence charged of which he, the said Peter O'Neill is now indicted, are one and the same offence and not other and different offences, and this the said Peter O'Neill is ready to verify.

Wherefore he prays judgment and that by this Honorable Court he may be dismissed and discharged from the said premises in the indictment specified.

By his Attorneys,
Hogan and Hogan."

Counsel agreed that the Court could pass upon the sufficiency of this plea on the motion to dismiss and the Attorney General advised the Court that evidence relating to the assault herein charged had been offered and received in Indictment No. 2700, referred to in the motion to dismiss and in the plea above set forth, wherein the jury returned a verdict of not guilty as charged in the indictment, but found the defendant guilty of assault and battery. The Attorney General contended, however, that this indictment sets out a distinct and separate offence than that upon which the defendant had previously been indicted and tried. But since an assault and battery is an essential element of the offence charged in the present indictment, the Court is of the opinion that a finding of guilty would subject the defendant to additional punishment for the same offence and a trial under this indictment would place him in double jeopardy.

The motion to dismiss is therefore granted, and it is hereby ordered and directed that the indictment be dismissed and the defendant Peter O'Neill discharged, dismissed and released thereunder.

For the State: Attorney General.

For defendant: J. P. Mahoney, Hogan & Hogan.